J-S30012-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MATTHEW PAVERETTE | : | |
| | : | |
| Appellant | : | No. 1121 EDA 2018 |

Appeal from the PCRA Order March 14, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-0011246-2010

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.: **FILED FEBRUARY 26, 2020**

Matthew Paverette appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] without a hearing. We previously remanded this case for the PCRA court to clarify the status of Paverette's counsel. The court responded by appointing substitute counsel, who has since filed a 1925(b) statement that raises the same two issues included in Paverette's brief. Therefore, we now address Paverette's issues on the merits, and find them to be waived and without merit.

On June 28, 2013, after a jury trial, Paverette was convicted of aggravated assault, conspiracy to commit aggravated assault, carrying firearms in public in Philadelphia, and possession of an instrument of crime.

---

[1] 42 Pa.C.S. §§ 9541-9546.

The trial court sentenced him to an aggregate ten to twenty years' imprisonment. We affirmed Paverette's judgment of sentence, and our Supreme Court denied allowance of appeal.

In December of 2016, Paverette filed a timely *pro se* PCRA petition. Counsel was appointed, but later filed a **Turner**/**Finley**[2] "no-merit" letter, in which he requested permission to withdraw and asserted that he found Paverette's claim for relief was "wholly frivolous" after conducting an independent review. The trial court issued a Rule 907 notice to Paverette advising him that the court intended to dismiss his PCRA petition without hearing, and subsequently dismissed the petition.

Paverette filed a timely, *pro se* notice of appeal and a *pro se* Rule 1925(b) statement. On October 1, 2019, we remanded the case to the PCRA court to clarify counsel's status, as we could not determine from the record if defense counsel had been formally permitted to withdraw. We directed the PCRA court to

> review the record and determine if counsel complied with all necessary requirements for withdrawal. If the court determines counsel has complied, the court shall ensure that an order permitting counsel to withdraw is included in the certified record.
>
> If counsel has not complied, the court must, in its discretion, either deny counsel permission to withdraw or appoint substitute counsel to represent Paverette. In either event, counsel will be

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

allowed to file a Rule 1925 statement of matters complained of on appeal.

If Paverette moves to proceed *pro se* despite the availability of counsel, the PCRA court must hold a ***Grazier*** hearing.

***Commonwealth v. Paverette***, 1121 EDA 2018, at 5 (Pa. Super., filed 10/1/2019) (unpublished memorandum). The docket reflects that substitute counsel, Daniel Anthony Alvarez, Esquire, was appointed on October 28, 2019 and filed a new 1925(b) statement on December 15, 2019. We find Paverette's appeal is now properly before us.

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." ***Commonwealth v. Presley***, 193 A.3d 436, 442 (Pa. Super. 2018) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***See Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001). Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***See Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001).

Paverette, in his counseled 1925(b) statement, asserts the same issues he raised in his previously filed *pro se* statement – that trial counsel was ineffective (1) for failing to attend a mandatory pretrial conference and failing

to participate in discovery, and (2) for failing to file a pretrial motion to suppress the affidavit of probable cause to support the arrest warrant.

We find Paverette's first issue waived for not being preserved. The general rule in Pennsylvania is that a defendant should wait until collateral review to raise ineffective assistance of counsel claims. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Thus, the failure to raise such a claim on direct appeal will not waive the claim. ***Id***. However, the claim will be waived after a defendant has had the opportunity to raise the matter on collateral review and has failed to avail himself of the opportunity. ***Id***.

To properly preserve new, non-PCRA counsel ineffectiveness claims, a petitioner must seek leave to amend his petition. ***See Commonwealth v. Rykard***, 55 A.3d 1177, 1192 (Pa. Super. 2012). In ***Rykard***, this Court found a new, non-PCRA counsel ineffectiveness claim waived when raised for the first time in the Petitioner's response to the PCRA court's Rule 907 notice. ***Id***. Here, Paverette did not raise this issue until even later, in his Rule 1925(b) concise statement.

Paverette's inclusion of a new ineffectiveness claim in his Rule 1925(b) concise statement did not preserve the issue. This matter could have, and should have, been raised in his initial PCRA petition, along with his other ineffectiveness claims, or in an amended petition. Since he did not preserve the revised argument, we conclude he has waived this claim.

In Paverette's second issue, he claims trial counsel was ineffective for failing to file a pretrial motion to suppress the affidavit of probable cause to support the arrest warrant. As Paverette preserved this issue in his *pro se* PCRA petition, we will address the matter on its merits.

With respect to claims of ineffective assistance of counsel, we begin with the presumption that counsel is effective. *See Commonwealth v. Spotz*, 18 A.3d 244, 259-60 (Pa. 2011). To prevail on an ineffectiveness claim, a petitioner must plead and prove, by a preponderance of the evidence, three elements: "(1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) [the petitioner] suffered prejudice because of counsel's action or inaction." *Id*., at 260 (citations omitted).

In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *See Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995); *see also Commonwealth v. O'Bidos*, 849 A.2d 243, 249 (Pa. Super. 2004) (noting that failure to satisfy any prong of the ineffectiveness test requires dismissal of the claim). "Counsel cannot be deemed ineffective for failing to pursue a meritless claim." *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." **Commonwealth v. Stewart**, 84 A.3d 701, 707 (Pa. Super. 2013) (*en banc*) (citations and internal quotation marks omitted).

Paverette bases his entire argument on a five minute discrepancy in the probable cause affidavit which he categorizes as a "material misstatement." Appellant's Brief, at 11.[3] Specifically, he notes that Detective Park Deayoung, who submitted the affidavit, averred that the complainant identified Paverette "approximately at 11:55pm on May 11, 2010," despite the photo array not being printed until May 12, 2010.

First, as the qualifier "approximately" was used in stating the time that the victim identified Paverette, we do not find it to be a misstatement. It is clear from our review of the record that some of the photo arrays were printed prior to midnight and at least one of them just after midnight. We find this minimal difference in time is accounted for by the use of "approximately." Further, we conclude Paverette cannot prove he suffered prejudice as even

---

[3] Counsel was appointed in October of 2019 and filed a new 1925(b) statement in December of 2019. However, the record indicates that counsel has not attempted to file an amended brief, or any other document, in this matter in the last two and a half months. As counsel merely reiterated the exact same issues in his 1925(b) statement as Paverette previously raised in his *pro se* appeal, we will address Paverette's issues based on the arguments raised in his *pro se* brief.

without the photo array in question, the affidavit included a description given by the victim of the defendant which matches Paverette and the victim independently identified Paverette in court. Thus, we find Paverette's second issue is without merit and trial counsel was not ineffective for not pursuing a meritless claim. *See Travaglia*, at 357; *see also Loner*, at 132.

In light of the foregoing, our review of this matter demonstrates that the record supports the PCRA court's denial of relief and is free from legal error and abuse of discretion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/20